IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 1 2 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| FRANCISCO PENA, JR., | § | |
| Movant, | § | |
| VS. | § | NO. 4:21-CV-398-A |
| | § | (NO. 4:18-CR-102-A) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Francisco Pena, Jr., movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the record, including the record in the underlying criminal case, No. 4:18-CR-102-A, and applicable authorities, finds that the motion must be denied.

I.

Background

The record of the underlying criminal case reflects the following:

On May 8, 2018, movant was named in a one-count information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine,

in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). CR Doc.[1] 17. On May 18, 2018, movant appeared before the court with the intent to plead guilty to the information without benefit of a written plea agreement. CR Doc. 20. Movant and his counsel signed a waiver of indictment, CR Doc. 21, and a factual resume setting forth the elements of the offense, the penalties movant faced, and the stipulated facts establishing that movant had committed the offense charged. CR Doc. 22. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; the court could take into account facts not mentioned in the stipulated facts; movant and his counsel had discussed how the guidelines might apply in his case; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:18-CR-102-A.

movant understood the meaning of everything in it and the stipulated facts were true. Movant's counsel acknowledged that movant was willing to plead guilty because he was just charged with one count. The court accepted the plea, finding that movant was fully competent and capable of entering an informed plea; his plea of guilty was knowing and voluntary supported by an independent basis in fact containing each of the essential elements of that offense; and that such plea did not result from force, threats, or promises. CR Doc. 64.

The probation officer prepared the PSR, which reflected that movant's base offense level was 36. CR Doc. 26, ¶ 17. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 24, 25. Based on a total offense level of 33 and a criminal history category of II, movant's guideline range was 151 to 188 months. Id. ¶ 84. The probation officer filed an addendum to make a correction to the PSR as to the term of supervised release. CR Doc. 28. Movant filed objections. CR Doc. 30. The probation officer prepared a second addendum rejecting the objections. CR Doc. 33.

At the sentencing hearing, the court pointed out that the responses by the government and probation officer showed that the objections were without merit. Counsel agreed and declined to pursue the objections, urging instead that movant should

3

receive a downward departure based on recent cooperation with the government. The court sentenced movant to a term of imprisonment of 188 months. CR Doc. 65; CR Doc. 36. He appealed. CR Doc. 38. The court allowed his retained attorney to withdraw and appointed counsel to represent him on appeal, finding that he was entitled to proceed in forma pauperis. CR Doc. 56. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. United States v. Pena, 780 F. App'x 193 (5th Cir. 2019). His petition for writ of certiorari was denied. Pena v. United States, 140 S. Ct. 1236 (2020).

II.

Grounds of the Motion

On March 1, 2021, the clerk received for filing movant's motion under § 2255. Doc.[2] 1. The envelope in which it arrived reflects that movant placed it in the prison mailing system for processing on February 24, 2021. Id. at 13. The government does not contest the timeliness of the motion. Doc. 13 at 2. The clerk also received for filing on March 1, 2021, a document titled "Amended Motion in Support of Original Motion under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence." Doc. 2. Ordinarily, an amended motion replaces in its entirety

---

[2] The "Doc. __" reference is to the number of the item on the docket in this civil action.

4

the original. In this case, the government has treated the amended motion as a supplement and the court will do likewise.

III.

Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);

5

United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996).
Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

The bulk of movant's original motion is devoted to the argument that he received ineffective assistance of counsel for a number of different reasons. Doc. 1. The government has identified 17 claims. Doc. 13. The court is satisfied that all of them are conclusory and fail to meet the Strickland test. Miller, 200 F.3d at 282; Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983). In addition, the court notes that the original motion is not signed and is wholly unsupported. Nevertheless, the court addresses the allegations as though they had been properly presented.

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings, including claims of ineffective

7

assistance of counsel except insofar as the ineffectiveness is alleged to have rendered the guilty plea involuntary. United States v. Palacios, 928 F.3d 450, 455 (5th Cir. 2019). This includes claims regarding failure to investigate or challenge police misconduct and the like. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000).

In this case, any claim that movant's plea was not knowing, voluntary, and intelligent is belied by the record. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). The same is true for written documents such as the factual resume. Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). For a defendant who seeks habeas relief on the basis of alleged promises inconsistent with representations he made in open court when entering his plea of guilty to prevail, he must prove: "(1) the exact terms of the alleged promise, (2) exactly when, where, and by whom the promise was made, and (3) the precise identity of the eyewitness to the promise." United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with

the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

Here, as the court found at the conclusion of the arraignment hearing, movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the arraignment hearing. In particular, movant testified that no one had made any promises to him or otherwise coerced him into pleading guilty. Further, he testified that he had discussed with his attorney the sentencing guidelines and how they might apply and that he was fully satisfied with the representation provided to him. CR Doc. 64. Movant understood fully the charge against him, the elements of the offense, and the penalties he faced. They were set forth in the factual resume he signed and reviewed with him at arraignment. CR Doc. 22; CR Doc. 64.

As the government notes, even if movant could show ineffective assistance, he has made no attempt to show

9

prejudice. Doc. 13 at 9. To establish his entitlement to relief, he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). Movant's post hoc assertions about how he would have pleaded are insufficient to meet the burden. Lee v. United States, 137 S. Ct. 1958, 1967 (2017). And, the record reflects that the burden could not be met in this case. At no time did movant seek to withdraw his plea. Rather, he continued to cooperate with the government after he entered his plea of guilty. CR Doc. 65. Had he gone to trial, he would have lost acceptance of responsibility and likely faced a greater sentence.

Movant also asserts that he received ineffective assistance of counsel at sentencing. Again, his allegations are wholly conclusory and unsupported. Miller, 200 F.3d at 282. He alludes to a failure to investigate and present mitigating evidence, but does not allege with specificity what any investigation would have revealed and how it would have altered the outcome. United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989). His allegation that counsel failed to object to the drug quantity is unfounded. Movant's counsel objected to the PSR's drug quantity calculation. CR Doc. 30. The objections were without merit, as

10

counsel had to admit at sentencing. CR Doc. 65. That counsel failed to file a motion for extension of time in which to file objections to the PSR did not result in any harm to movant, since the court considered the untimely objections. Id. Movant also says that counsel was ineffective in failing to object to the PSR under Rule 32 of the Federal Rules of Criminal Procedure. He does not explain what he is talking about or how he was harmed as a result. His counsel confirmed at sentencing that she and movant had received the PSR and the two addenda and had reviewed them together. Id. Counsel cannot have been ineffective in failing to assert frivolous objections. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

Movant says his counsel was ineffective in failing to file a notice of appeal. Doc. 1 at 4. But, he does not say that he instructed counsel to appeal and she failed to do so. See United States v. Pham, 722 F.3d 320, 323 (5th Cir. 2013). The record reflects that he filed a notice of appeal on his own behalf, CR Doc. 38, and that counsel was appointed to represent him on appeal. CR Doc. 56. That movant was unsuccessful on appeal does not mean that he received ineffective assistance. Dorsey v. Stephens, 720 F.3d 309 (5th Cir. 2013).

In his original motion, movant additionally asserts that the court erred when it imposed a substantively unreasonable

11

sentence, when it failed to grant a downward variance, and when it failed considered facts outside those admitted by movant as part of his guilty plea. Doc. 1 at 3, 5. These grounds could and should have been raised on appeal and cannot be raised here. Shaid, 937 F.2d at 231.

In his amended motion, movant raises four additional issues regarding sentencing. (The amended motion reads like an appeal brief and may have been mistakenly filed.) The grounds addressed were raised on appeal and cannot be considered here. United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986).

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED July 12, 2021.

JOHN McBRYDE
United States District Judge